*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES L. CARLISLE JR.,

Plaintiff-Appellee,

v

YVONNE WIEDEMANN and CAM LOGIC INC.,

Defendants-Appellants.

UNPUBLISHED
February 22, 2024

No. 364663
Oakland Circuit Court
LC No. 19-174461-CB

Before: PATEL, P.J., and K. F. KELLY and RIORDAN, JJ.

PER CURIAM.

Defendants appeal by right the trial court's order granting in part and denying in part plaintiff's motion for entry of final judgment. Because the trial court erred when it dismissed certain claims without prejudice, we reverse the order in part and remand for further proceedings consistent with this opinion.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff James L. Carlisle is the former owner and president of defendant CAM Logic, Inc. Plaintiff obtained and personally guaranteed a line of credit through PNC Bank that was used to pay CAM Logic's vendors. In 2018, plaintiff and defendant Yvonne Wiedemann entered into a series of agreements, including a stock purchase agreement and a closing memorandum, under which Wiedemann purchased plaintiff's sole interest in CAM Logic.

Under relevant provisions of the stock purchase agreement, the February 2018 balance of the PNC Bank line of credit was to be paid in full before closing, and the March 2018 balance would be paid off at closing or be assumed by CAM Logic, with Wiedemann as the personal guarantor. PNC Bank, however, refused to extend the line of credit to Wiedemann. According to plaintiff, to assist Wiedemann in closing the deal, plaintiff and Weideman agreed plaintiff would remain personal guarantor on the account. In addition, Wiedemann would be permitted to use the line of credit to pay off the March balance, on the condition the account would be closed after the payoff and all PNC Bank account rewards that were earned would be distributed to plaintiff in 2019.

In January 2019, $18,009.12 of PNC Bank account rewards were distributed to CAM Logic, which did not distribute the rewards to plaintiff. In addition, under the closing memorandum, CAM Logic was to distribute 25% of the first-half of the profits for the year leading up to closing to plaintiff, in two installments of $50,000 each. The first $50,000 payment was timely distributed but the second installment was never sent. Plaintiff subsequently brought suit, alleging that defendants breached the stock purchase agreement by failing to distribute the PNC Bank account rewards (Counts I and III). Plaintiff also alleged that defendants breached the closing memorandum by failing to make the final $50,000 distribution (Counts II and IV). Lastly, plaintiffs asserted a claim of civil conspiracy against all defendants (Count V).

After discovery, plaintiff moved for summary disposition under MCR 2.116(C)(9) and (C)(10). The trial court granted summary disposition under MCR 2.116(C)(10) in plaintiff's favor concerning the closing memorandum, finding there was no issue of material fact regarding to whether defendants breached the agreement by failing to make the $50,000 payment. However, the court granted summary disposition under MCR 2.116(C)(10) in favor of defendants regarding the PNC Bank account rewards, reasoning that plaintiff failed to identify any specific provision requiring defendants to pay the rewards. The court also granted summary disposition in defendants' favor regarding the civil conspiracy claim, concluding plaintiff abandoned it.

Plaintiff subsequently moved for entry of final judgment, to which he attached a proposed final judgment requesting entry of judgment in his favor on Counts II and IV (the closing memorandum claims) and dismissal without prejudice of Counts I, III, and V (the stock purchase agreement and civil conspiracy claims). Plaintiff also requested costs and attorney fees. The trial court granted in part and denied in part the motion, entering judgment of $50,000 in favor of plaintiff on Counts II and IV, and "based on the parties' agreement," dismissed Counts I, III, and V "without prejudice and without costs to either party." Defendants moved for reconsideration, arguing there was no agreement to dismiss Counts I, III, and V without prejudice and without costs, which the trial court denied. This appeal followed.

## II. STANDARDS OF REVIEW

Whether the trial court erred when it ordered the counts dismissed without prejudice and without costs on the basis of an agreement is a question of law that we review de novo. See *Prentis Family Foundation, Inc v Barbara Ann Karmanos Cancer Institute*, 266 Mich App 39, 43; 698 NW2d 900 (2005); see also *Silberstein v Pro-Golf of America, Inc*, 278 Mich App 446, 460; 750 NW2d 615 (2008) ("Interpreting the meaning of a court order involves questions of law that we review de novo on appeal.").

## III. ANALYSIS

"[A] court speaks through written judgments and orders." *Powers v Brown*, 328 Mich App 617, 620 n 1; 939 NW2d 733 (2019). "[A]n order entered by a trial court may be modified before entry of the final judgment." *Meagher v Wayne State Univ*, 222 Mich App 700, 718; 565 NW2d 401 (1997). Although a trial court is entitled to modify its orders before entry of final judgment, the final judgment entered by the trial court contains inconsistencies amounting to errors of law.

The trial court granted summary disposition in favor of defendants on Counts I, III, and V, and entered a final judgment that stated, in relevant part: "[B]ased on the parties' agreement, Counts I, III, and V of Plaintiff's Complaint are dismissed without prejudice and without costs to either party." First, the trial court incorrectly stated the order was based on the parties' agreement. "An agreement to settle a pending lawsuit is a contract and is to be governed by the legal principles applicable to the construction and interpretation of contracts." *Kloian v Domino's Pizza, LLC*, 273 Mich App 449, 452; 733 NW2d 766 (2006). "In order for a contract to be formed, there must be an offer and acceptance, as well as a mutual assent to all essential terms." *Bodnar v St John Providence, Inc*, 327 Mich App 203, 213; 933 NW2d 363 (2019). There is nothing in the record to support the notion that the parties entered into an agreement dismissing the claims without prejudice and costs, or otherwise indicating defendants stipulated to the terms of the final judgment.

But even absent an agreement, the trial court was nevertheless entitled to dismiss the claims without prejudice if supported by the law. See *Meagher*, 222 Mich App at 718. The trial court dismissed the PNC Bank account rewards claims (Counts I and III) without prejudice, even though those claims were adjudicated on the merits. "[A] summary disposition ruling is the procedural equivalent of a trial on the merits that bars relitigation on principles of res judicata." *The Mable Cleary Trust v The Edward-Marlah Muzyl Trust*, 262 Mich App 485, 510; 686 NW2d 770 (2004), overruled in part on other grounds by *Titan Ins Co v Hyten*, 491 Mich 547; 817 NW2d 562 (2012). "A dismissal *with* prejudice amounts to an adjudication on the merits and bars a further action based on the same facts. But a dismissal without prejudice is not a dismissal on the merits." *Grimmer v Lee*, 310 Mich App 95, 102; 872 NW2d 725 (2015). "[T]he term 'without prejudice' signifies a right or privilege to take further legal proceedings on the same subject, and show that the dismissal is not intended to be *res adjudicata* of the merits." *Id*. (quotation marks and citations omitted). The trial court adjudicated on the merits whether plaintiff was owed the PNC Bank account rewards, granting summary disposition under MCR 2.116(C)(10) in favor of defendants because plaintiff failed to identify any contractual provisions requiring defendants to pay the rewards. Thus, the trial court erred when it dismissed Counts I and III without prejudice. However, because plaintiff's civil conspiracy claim (Count V) was considered abandoned by the trial court, the adjudication of that claim was not on the merits. Thus, on remand, the trial court shall enter an order of dismissal with prejudice of Counts I and III only.[1]

The final judgment is reversed in part and the case is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Defendants, as the prevailing parties, may tax costs. See MCR 7.219(A).

/s/ Sima G. Patel
/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan

---

[1] Because we are reversing in part the final judgment, it follows that we must also vacate the trial court's order denying defendants' motion for reconsideration.